GERMANA PAGÁN, asistida de su esposo RAÚL SEDA, demandante y apelante, *v.* LA SUCN. DE JUAN ASENCIO PADILLA, compuesta de JUAN y ACISCLO A. SEGARRA, FERNANDO A. CAMACHO y ROSA BLANCA ASENCIO Y MARTÍNEZ, menores de edad los últimos, representados por sus madres CARMEN CAMACHO e ISABEL MARTÍNEZ, respectivamente, demandados y apelados.

No. 5387.—*Sometido:* Julio 21, 1930. *Resuelto:* Julio 24, 1930.

P. *Fajardo,* abogado del apelante; *Miguel A. García Méndez,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En un pleito seguido ante la Corte de Distrito de Mayagüez por Germana Pagán contra la Sucesión de Juan Asencio Padilla, se dictó sentencia declarando sin lugar la demanda en cuanto a dos de las causas de acción ejercitadas. Apeló la demandante, y pidió a la corte se ordenara al taquígrafo que preparase la transcripción, conforme a la ley que rige ese procedimiento. Presentóse la transcripción, y la parte apelada radicó una moción para que de ella se eliminaran varios particulares. De la moción parece que en la transcripción se incluían documentos que habían sido presentados en evidencia, y no admitidos por la corte. En cuanto a lo que ocurrió con la denegación de admisión, nos hallamos a oscuras; porque mientras la apelante sostiene que contra la regla no admitiendo la prueba, tomó la oportuna excepción, la apelada sostiene que se dictó la regla sin que la demandante excepcionara. Y con respecto a esta diferencia, no tenemos medio de solucionarla, porque no hay aquí más que las afirmaciones contradictorias de las partes; y si bien hay una certificación del secretario de la Corte de Distrito de Mayagüez, ella se refiere a constancias de la transcripción, que se rechazó por la corte; y la apelada afirma que en esa transcripción el taquígrafo cometió serios errores, y que la corte que tenía una clara memoria de los hechos, no admitió que la transcripción fuera exacta.

Aparece que el taquígrafo, en vez de copiar ciertas declaraciones de testigos, las extractó y resumió, a su modo.

La corte de distrito declaró con lugar las enmiendas apuntadas por la apelada, y concedió al taquígrafo treinta días para que presentara nueva transcripción enmendada.

Y ahora la apelante acude a este tribunal, por una moción en la que invoca los artículos 36, 218 y 219 del Código

de Enjuiciamiento Civil, y la regla 64 de este tribunal, y nos pide que declaremos que las enmiendas ordenadas por la corte de distrito son improcedentes, y ordenemos que por el taquígrafo de la corte inferior se haga una transcripción complementaria insertando las constancias cuya eliminación del record fué solicitada y ordenada, para que se apruebe por la corte inferior, y se una al récord del caso.

█ Los artículos 218 y 219 del Código de Enjuiciamiento Civil, son como sigue:

"Art. 218. Si el juez en algún pleito se negare a admitir una excepción de acuerdo con los hechos, la parte que pretendiere la aprobación del pliego, podrá acudir mediante solicitud a la Corte Suprema para justificar dicha excepción. La solicitud se hará en la forma y de acuerdo con las reglas que prescriba dicha corte; y justificada que fuere la excepción, deberá ser aprobada su exactitud por un juez de la misma y entregada al secretario de la corte que entendiere en el pleito, y llenado este requisito, tendrá la misma fuerza y efecto que si hubiere sido aprobada por el juez que conociera del asunto.

"Art. 219. Cuando la decisión a la cual se opusiere excepción, fuere dada por un funcionario judicial que no sea un juez, el pliego de excepciones se presentará a dicho funcionario judicial y será aprobado y firmado por éste, en la misma forma establecida para la presentación de tales pliegos y para su aprobación y firma por una corte. Un juez o funcionario judicial podrá aprobar y firmar un pliego de excepciones aun después que dejare de ser tal juez o funcionario judicial. Si antes de haberse aprobado el pliego de excepciones, dicho juez o funcionario judicial, falleciere, fuere depuesto, quedare incapacitado, se ausentare de la isla, o se negare a dar su aprobación a dicho pliego; o si la ley no dispusiere forma alguna para tal aprobación, se hará y certificará ésta, como lo prescriban las órdenes o reglamentos de la Corte Suprema. Los jueces, funcionarios judiciales y la Corte Suprema, tendrán respectivamente la misma facultad, en la aprobación y certificación de relaciones de pruebas, que la conferida en este artículo para aprobar y certificar los pliegos de excepciones."

No vemos en qué puedan aplicarse a este caso. No se trata de la denegación a admitir una excepción, que es lo que se fija en tales artículos.

404

En cuanto a la regla 64 del Reglamento de este tribunal, ella trata el caso de que un juez o tribunal o funcionario judicial dejare de aprobar o se negare a admitir un pliego de excepciones o una exposición hecha y sometida de acuerdo con los hechos; y en ese caso se preceptúa la forma en que ha de acudirse a este tribunal para justificar tal pliego o exposición. Pudiéramos decir que concretamente está determinado que sea un pliego de excepciones o una exposición del caso y no una transcripción de evidencia en la que aparece que el juez de la corte ha de tener todavía mayor autoridad y mejor conocimiento para aprobarla o negarla. Pero sin hacer argumento en esto es indudable que debe tratarse de excepciones o exposiciones hechas y sometidas de acuerdo con los hechos, lo que implica que ha de justificarse ante esta corte que tal pliego o exposición se ajusta a los hechos del caso; y esto ciertamente no se hace en la moción que se nos presenta. Desde luego, como regla para éste y para cualquier caso debemos confirmar la ya conocida de que la prueba denegada puede o debe insertarse en la exposición, excepciones o en la transcripción, si contra la regla de denegación de una admisión de esa prueba se ha presentado la oportuna excepción por la parte a quien perjudica tal regla. De no tomarse excepción ello implica la conformidad de la parte con la regla. Pero tomada tal excepción, es regla de procedimiento que se inserte el documento o documentos de que se trata, ya que sobre la regla de la corte ha de poderse fundamentar una asignación de error.

Es perfectamente indudable que dentro del sistema de transcripción de la evidencia no cabe que el taquígrafo, los abogados ni aun la corte hagan un resumen o extracto de las declaraciones sino que en la transcripción han de aparecer éstas literalmente tal como fueron prestadas. Y 'en este particular debe denegarse la moción.

En cuanto a los demás extremos, la obscuridad de la moción, la falta de precepto legal alguno que la ampare, y la

existencia de procedimientos distintos de esta moción para lograr el mismo fin, *nos lleva a denegar lo solicitado.*